1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    CAM YUEN, et al.,                              Case No.  22-cv-04297-TLT

8                         Plaintiffs,

                                                    **ORDER GRANTING DEFENDANTS'**
9           v.                                      **MOTION TO TRANSFER VENUE**

10   IDEXX LABORATORIES, INC., et al.,              Re: ECF No. 53

11                       Defendants.

12

13          Plaintiffs bring this proposed putative class action against Defendants IDEXX

14   Laboratories, Inc. and IDEXX Distribution, Inc. ("Defendants"), alleging that Defendants "abused

15   their dominance in the market for point-of-care veterinary diagnostic products to charge supra-

16   competitive prices to veterinarians, who in turn passed on those supra-competitive prices to pet

17   owners…."  Pls. ['] Opp'n 1, ECF No. 55.  Defendants now move to transfer this action to the

18   District of Maine under 28 U.S.C. § 1404(a).  Defs. ['] Mot., ECF No. 53.

19          In its discretion, the Court finds this motion suitable for determination without oral

20   argument.  CIV. L.R. 7-1(b).  Having carefully considered the parties' briefs, the relevant legal

21   authority, and for the reasons below, the Court hereby **GRANTS** Defendants' Motion to Transfer

22   Venue to the District of Maine.  The hearing scheduled for December 13, 2022, is **VACATED**.

23   **I.      BACKGROUND**

24          On September 30, 2022, Defendants filed their motion seeking to transfer this action to the

25   District of Maine.  Defendants contend that transfer is appropriate because (1) the agreements in

26   question in this action were drafted in Maine, (2) the challenged agreements are governed mainly

27   by Maine law, (3) the corporate decisions concerning the challenged agreements occurred in

28   Maine, and (4) the most relevant witnesses and documents to this action are in Maine.  Mot. 1,

United States District Court
Northern District of California

1    ECF No. 53.  In addition, Defendants argue that Plaintiffs' choice of forum should be given little

2    deference because Plaintiffs seek to represent a nationwide class, and only two of the twenty-two

3    named plaintiffs in this action reside in the Northern District of California.  *Id.*

4         Plaintiffs oppose Defendants' motion for several reasons: (1) Defendants have failed to

5    carry their burden to overcome Plaintiffs' choice of venue, (2) the Northern District of California

6    is more convenient for the parties, including the parties' counsel, and convenience for potential

7    witnesses does not warrant transfer, (3) relevant evidence in this case is equally accessible from

8    any district, (4) this district is more familiar with antitrust law, and (5) California has a significant

9    interest in enforcing its state laws and protecting California consumers.  Opp'n 1-7, ECF No. 55.

10   ## II.    LEGAL STANDARD

11        A case may be transferred "[f]or the convenience of parties and witnesses, in the interest of

12   justice," to "any other district . . . where it might have been brought[.]"  28 U.S.C. § 1404(a).

13   There are two prongs to this analysis.  First, the Court must conclude that venue is proper in the

14   transferee district.  *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. 03-3711 (MHP),

15   2003 WL 22387598, at *1 (N.D. Cal. Oct. 14, 2003).  The movant bears the burden of proving this

16   prong.  *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).  If the

17   first prong is satisfied, the court decides whether to grant or deny a motion to transfer, balancing

18   "the plaintiff's interest to freely choose a litigation forum against the aggregate considerations of

19   convenience of the defendants and witnesses and the interest of justice."  *Wireless Consumers*,

20   2003 WL 22387598, at *2; *see also* 28 U.S.C. § 1404(a).

21        "Under § 1404(a), the district court has great discretion to adjudicate motions for transfer

22   according to an individualized, case-by-case consideration of convenience and fairness."  *Jones v.*

23   *GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal quotation marks omitted).

24   "This Circuit set forth several considerations that can be used in weighing these factors.  These

25   include: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the

26   witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law,

27   (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8)

28   the relative court congestion and time of trial in each forum."  *Royal Queentex Enters. Inc. v. Sara*

United States District Court
Northern District of California

*Lee Corp.*, No. C-99-4787 MJJ, 2000 WL 246599, at *2 (N.D. Cal., March 1, 2000) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Weighing the relevant factors is a matter of "the discretion of the trial judge." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007). Transfer is not appropriate under § 1404(a) where it "would merely shift rather than eliminate the inconvenience." *Decker Coal*, 805 F.2d at 843.

Finally, "[a]lthough great weight is generally accorded to a plaintiff's choice of forum, when an individual…represents a class, the named plaintiff's choice of forum is given less weight." *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007) (*quoting Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)). A representative plaintiff's choice is "still entitled to some deference, even though diminished." *Id.*

## III.   ANALYSIS

### A.   Venue is Proper in the District of Maine

The District of Maine has original subject matter jurisdiction over this action under the Clayton Act and the Sherman Antitrust Act. *See* 28 U.S.C § 1331. Venue is proper in the District of Maine because Defendants are headquartered in Maine. Thus, the District of Maine has personal jurisdiction over Defendants and venue is also appropriate in that district. 28 U.S.C. §§ 1391(b)(1), (c)(2). Plaintiffs do not dispute whether venue is proper in the District of Maine.

### B.   Factors Weigh in Favor of Transfer to the District of Maine

#### 1.   Plaintiffs' Choice of Venue is Entitled to Minimal Deference

The first factor this Court will consider is Plaintiffs' choice of venue. *See Royal Queentex Enters. Inc.*, 2000 WL 246599, at *2. This factor typically favors denying transfer because "there is a strong presumption in favor of [a] plaintiffs' choice of forum." *Id.* However, the question here is the weight to which Plaintiffs' choice is entitled. Deference decreases where the plaintiff seeks to represent a nationwide class. *See, e.g., Lou*, 834 F.2d at 739 ("When an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."). Plaintiffs here seek to represent a nationwide class. Compl. ¶¶ 19–20, 24, 151, 154, ECF No. 1. Under such circumstances, Plaintiffs' "choice of forum is entitled to minimal deference." *Ward v. Fluor Enters., Inc.*, No. C 10-04361 SBA, 2011 WL 778720, at *3–4 (N.D. Cal. Mar. 1, 2011).

United States District Court
Northern District of California

1    The weight afforded to a plaintiff's choice of forum may also be reduced where "the

2    relevant disputed acts supporting [the plaintiff's] theory of relief" occurred outside the chosen

3    venue. *Bloom v. Express Servs. Inc.*, No. C 11-000009 CRB, 2011 WL 1481402, at *2 (N.D. Cal.

4    Apr. 19, 2011). Plaintiffs do not allege that Defendants' "volume commitment program, called

5    IDEXX 360," or the other programs challenged in the Complaint, were drafted or negotiated in the

6    Northern District of California. Instead, the record suggests that the employees who developed the

7    template terms and conditions in the challenged agreements worked in the District of Maine.

8    Compl. ¶ 8, ECF No. 1. The events surrounding the drafting, negotiation, and implementation of

9    the challenged programs and agreements also occurred in or centered around the District of Maine.

10   Compl. ¶¶ 4-5, 8-9, 12-16, 96-99, ECF No. 1. Thus, because Plaintiffs seek to represent a

11   nationwide class and most of the material acts put at issue in this action occurred outside of this

12   district, the Court affords Plaintiffs' choice of venue minimal deference.

                    **2.    The Parties' Convenience Favors Transfer**

13   Only two named Plaintiffs in this case reside in the Northern District of California.

14   Compl. ¶¶ 24-25, ECF No. 1. Although Defendants have contacts with this district, they are

15   headquartered in the District of Maine, and the departments immediately relevant to this case

16   operate from the District of Maine. Mot. 11, ECF No. 53. Courts in this district have transferred

17   actions involving corporate defendants to the state where they are headquartered. *See, e.g.,*

18   *Rabinowitz v. Samsung Elecs. Am., Inc.*, No. 14-cv-00801-JCS, 2014 WL 5422576, at *4–5, 9

19   (N.D. Cal. Oct. 10, 2014).

20   Transferring this action to the District of Maine would clearly be more convenient for

21   Defendants, and this Court does not discount the potential inconvenience to Plaintiffs of litigating

22   this case in the District of Maine. However, transfer would not impermissibly shift the burden

23   from Defendants to Plaintiffs. *See Decker Coal*, 805 F.2d at 843 (holding that transfer should be

24   denied if it merely shifts rather than eliminates inconvenience). Plaintiffs' primary convenience

25   associated with litigating in this district appears to derive from the proximity of the parties'

26   counsel to this district. Opp'n 4-5, ECF No. 55. It is well settled in this district that the location

27   of counsel will not factor into whether a case should be transferred under 28 U.S.C. § 1404(a).

28

4

*See LightMed Corp. v. Ellex Medical Pty. Ltd.*, No. 13-cv-03933-WHO, 2013 WL 6512720, at *2 (N.D. Cal. Dec. 12, 2013); *Wilson v. Walgreen Co.*, No. C-11-2930 EMC, 2011 WL 4345079, at *5 (N.D. Cal. Sept. 14, 2011) ("the location of plaintiff's counsel is not an appropriate factor for the Court to consider when deciding a motion to transfer" (citation omitted)). Plaintiffs' intention to represent a nationwide class also affects consideration of this factor because "[t]he convenience of putative class members other than [Plaintiffs] will become irrelevant if class certification is ultimately denied." *Garlough v. Trader Joe's Co.*, No. 15-cv-01278-TEH, 2015 2015 WL 4638340, at *3 (N.D. Cal. Aug. 4, 2015). Accordingly, this Court also discounts the weight given to Plaintiffs' convenience given the risk class certification may be denied.

### 3.    Convenience of Witnesses Favors Transfer

Courts have recognized that convenience to non-party witnesses is important. *See Jones*, 211 F.3d at 499. Defendants have identified Maine-based former and current employees from whom witnesses testimony could be sought. Fennell Decl. ¶¶ 8–10, 18–19, ECF No. 53-1; Defs. ['] Reply 3-5, ECF No. 57. The District of Maine is closer to those potential witnesses. Plaintiffs have not identified any particular witnesses and contend that live, in-person testimony of non-expert witnesses is potentially unnecessary in this case. Opp'n 5, ECF No. 55. However, Plaintiffs cannot unilaterally determine the method of presenting witness testimony. Thus, transfer to the District of Maine would be more convenient for anticipated witnesses based on the location of Defendants' anticipated witnesses and on Plaintiffs' failure to identify witnesses.

### 4.    Ease of Access to Evidence Slightly Favors Transfer

Defendants argue that relevant evidence in Defendants' possession, including testimonial evidence, is located within the District of Maine. Mot. 15, ECF No. 53. Plaintiffs have not identified any specific evidence located in this district. Instead, Plaintiffs argue that all documentary evidence can be made electronically available. Opp'n 5-6, ECF No. 55. Defendants also contend that "the relevant current and former IDEXX employees are located in Maine, [so] the District of Maine provides the easiest and most convenient access to relevant witnesses." Mot. 15, ECF No. 53. Plaintiffs do not refute this argument. Thus, the location of evidence slightly favors transfer, but this factor carries less weight.

United States District Court
Northern District of California

**5.      Familiarity with the Applicable Law Slightly Disfavors Transfer**

"[F]ederal courts have an equal ability to address claims arising out of state law." *Bloom*, 2011 WL 1481402, at \*5.  "District courts regularly apply the law of states other than the forum state." *Vuori v. Grasshopper Cap. LLC*, No. 17-CV-06362-JCS, 2018 WL 1014633, at \*21 (N.D. Cal. Feb. 22, 2018) (*quoting Turrett Steel Corp. v. Manuel Int'l. Inc.*, 612 F. Supp. 387, 390 (W.D. Pa. 1985).  Thus, "this factor is to be accorded little weight…because federal courts are deemed capable of applying the substantive law of other states." *Id.* (*quoting Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246, 261 (E.D.N.Y. 2010).

The parties dispute which court is better suited to apply the applicable law.  Defendants argue that the District of Maine will be more familiar with applying the governing Maine law relevant in this case.  Mot. 10, ECF No. 53.  Plaintiffs argue this Court is more familiar than the District of Maine with the relevant federal and state antitrust laws.  Opp'n 6, ECF No. 55.  On balance, the Court finds that although the District of Maine may be a slightly better forum for the Maine law claims, this factor is not particularly significant.

**6.      Consolidation of Claims Is Not Relevant**

Neither party has identified a similar case or claim that should be consolidated with this matter.  Therefore, this factor is neutral.

**7.      Maine's Local Interest Predominates**

"The localized interest factor requires the court to consider the current and transferee forums' interests in having localized controversies decided at home." *Ctr. for Biological Diversity v. McCarthy*, No. 14-cv-05138 WHO, 2015 WL 1535594, at \*4 (N.D. Cal. April 6, 2015) (internal quotation marks omitted).  Defendants argue that "the center of gravity of the claims alleged in the Complaint" are in Maine and that the parties' contacts with the District of Maine are more substantial than those with the Northern District of California.  Mot. 12, ECF No. 53.

Defendants are headquartered in the District of Maine.  "All of the agreements with veterinarians that form the basis of the Complaint's allegations of monopolization were entered into by a company headquartered in Maine, were drafted by employees working in Maine, were negotiated at least in part in Maine." *Id.*  Defendants also emphasize that only two of the twenty-

1    two named plaintiffs in this proposed putative nationwide class are residents of this district.  *Id.*

2    Plaintiffs argue California has a significant interest in enforcing its state laws, protecting

3    California consumers, and that "California accounts for approximately 20 percent of the members

4    of the proposed class."  Opp'n 7, ECF No. 55.

5         "[W]hen the gravamen of the case involves federal law, a state law claim is usually not a

6    significant consideration on a motion to transfer venue."  *Hoefer v. U.S. Dep't of Commerce*, No.

7    C 00 0918 VRW, 2000 WL 890862, at *3 (N.D. Cal. June 28, 2000).  California has some interest

8    in protecting the rights of its citizens and hearing California law claims against corporations

9    operating within its borders.  However, the weight of that interest is reduced by Plaintiffs' federal

10   claims and the projected number of class members residing in other states, including Maine.

11   Furthermore, "cases in this District indicate that transferee forums also have an interest when the

12   operative facts occurred in those forums and that this interest outweighs California's interest in

13   cases involving its citizens."  *Ctr. for Biological Diversity*, 2015 WL 1535594, at *5.

14        As previously discussed, none of the operative facts occurred in this district.  "Although

15   [Defendants] conduct business in California, [Maine] has an interest in deciding controversies

16   involving businesses headquartered there, and that employ a substantial number of its citizens."

17   *Bloom*, 2011 WL 1481402, at *5; *see also Rabinowitz*, 2014 WL 5422576, at *7–8.  It is

18   undisputed that Defendants' principal place of business is in the District of Maine.  Defendants

19   also employ "approximately 2,995 employees" who work at Defendants' corporate headquarters in

20   Maine.  Fennell Decl. ¶ 17, ECF No. 53-1.  As such, the Court finds this factor favors transfer.

21              **8.    Court Congestion is Neutral**

22        Defendants cite statistics regarding judicial caseloads in this district versus the District of

23   Maine.  Mot. 14, ECF No. 53; Lawton Decl., Ex. 1, ECF No. 53-3.  Defendants argue the "District

24   of Maine is one of the least congested districts in the country, with 199 pending cases per

25   judgeship and 224 weighted filings per judgeship" while the "Northern District of California, in

26   contrast, is among the most congested."  Mot. 14, ECF No. 53.  In response, Plaintiffs argue that

27   the "average time from filing to disposition of civil cases in this District is nearly identical to that

28   in the District of Maine."  Opp'n 7, ECF No. 55.  On balance, the Court finds this factor is neutral.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.   Overall Factors Favor Transfer

In sum, four factors weigh in favor of granting Defendants' motion: the convenience of the parties, the convenience of the witnesses, access to evidence (slightly), and Maine's local interests. The factors supporting denial are Plaintiffs' choice of forum and this district's comparative familiarity with the federal and state laws relevant to this matter, including Maine law.  However, as discussed above, both factors carry less weight.  The remaining factors are neutral.  A "fundamental principle underpinning the § 1404(a) analysis is that litigation should proceed 'in that place where the case finds its center of gravity.'" *McCormack v. Safeway Stores, Inc.*, No. C 12-4377 MEJ, 2012 WL 5948965, at *4 (N.D. Cal. Nov. 28, 2012) (*quoting Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998)).  The Court finds that this action's "center of gravity" is in the District of Maine.

## IV.   CONCLUSION

For the above reasons, Defendant's Motion to Transfer Venue to is **GRANTED**.  The Clerk of Court shall transfer this case to the United States District Court for the District of Maine.

**IT IS SO ORDERED.**

Dated: November 11, 2022

TRINA L. THOMPSON
United States District Judge

8